**C & G CONSTRUCTION COMPANY, Plaintiff,**

v.

**MORRISON ASSURANCE COMPANY, INC., Defendant and Third Party Plaintiff,**

v.

**Seisel E. WALL, Jr., Mrs. Seisel E. Wall, Jr., Seisel E. Wall, III, and Mrs. S.E. Wall, III, Third Party Defendants.**

**Civ. A. No. 181–229.**

United States District Court, S.D. Georgia, Augusta Division.

Feb. 14, 1983.

Paul H. Dunbar, III, Augusta, Ga., for plaintiff.

C. Thompson Harley, Augusta, Ga., for third-party defendants.

Dewitte Thompson and John G. Barrett, Atlanta, Ga., for defendant and third-party plaintiff.

## ORDER

BOWEN, District Judge.

Defendant Morrison Assurance Company, Inc., as surety for S.E. Wall Company, furnished a performance and payment bond to C & G Construction Company. Plaintiff seeks to recover damages from Morrison which allegedly resulted from the defendant's purported failure and bad faith refusal to remedy the default and deficient work performance of S.E. Wall Co., a subcontractor of plaintiff, as required by the terms of the bond. Subsequently, defendant filed a third party complaint against Seisel E. Wall, Jr., Seisel E. Wall, III, and their wives for indemnification of any loss or liability which may result from Morrison's position as surety. The third party defendants (the Walls) filed answers to the original complaint as well as to the Morrison complaint. A jury trial as to all issues was demanded in both answers. Neither Morrison nor plaintiff have sought a jury trial.

Presently before the Court is plaintiff's motion to separate the trial of the main case from that of the third party action. Also pending is a determination on the propriety of a jury trial in the main action. The jury issue shall be addressed initially since its resolution will be critical to the analysis of the plaintiff's motion.

Two facts unquestionably appear in the record: 1) plaintiff and defendant have not made any demand for a jury as to the original action, and 2) the third party defendants, by virtue of their timely demand, have secured a jury trial in the third party action. The question remaining is whether the Walls' jury demand also entitles them to a jury trial of the issues raised in the plaintiff's case against the defendant. A review of the scanty caselaw available requires an affirmative conclusion.

In *Bradford Builders, Inc. v. Sears, Roebuck & Co.*, 270 F.2d 649 (5th Cir.1959), the court of appeals allowed the jury demand of the third party defendant to encompass the issues in the principal action. The court viewed the broad construction of the demand as within the discretionary power of the district court under Fed.R. Civ.P. 39(b). Rule 39(b) provides that "notwithstanding the failure of a party to demand a jury in an action in which a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." In the main case a jury trial could have been demanded as a matter of right. Although plaintiff and defendant have not moved for a jury trial, the Walls' demand is sufficiently analogous to invoke the Court's discretion. A Rule 39(b) motion should be favorably received absent persuasive reasons to the contrary. *United States v. Unum, Inc.*, 658 F.2d 300, 303 (5th Cir.1981). In the case at bar, reasons militating against a jury trial do not exist. Moreover, the issues in the principal and subordinate actions, although not identical, are intertwined to a degree. The commonality existing between the two actions, even though not overly substantial, when coupled with considerations of economy, convenience and justice, warrants a jury trial on the issues of the main action. *Banks v. Hanover Steamship Corporation*, 43 F.R.D. 374 (D.Md.1967).

Turning to plaintiff's motion for separation, the primary supporting argument is that the jury will be confused as to the role of the third party defendants because of the different issues raised in the two actions. Plaintiff contends that this confusion over the status of the parties and their respective obligations and liabilities would prejudice plaintiff's case.

Fed.R.Civ.P. 42(b) permits the trial court to order the separate trial of any issue or claim for reasons of convenience, the avoidance of prejudice, economy or expediency. The issues in the main action and the secondary action are not identical and involve separate transactions. There, however, is some common ground. The different issues arise out the same general course of events that led up to this litigation. Moreover, the resolution of the issues in the main case will have a direct effect on at least some of the claims in the third party case. The questions to be presented to the jury, though somewhat connected, are sufficiently distinct to permit easy identification and determination based upon the evidence peculiar to each. The legal theories involved are not so similar that an attentive jury would be unable to separate them. The Court is confident that the roles and legal duties of each of the parties, and the issues pertaining to them, will be made perfectly clear not only by the Court, but by the able counsel representing the parties. Plaintiff's fear of prejudicial juror confusion is untenable.

Accordingly, in exercise of the discretion vested in the Court by Rule 39(b) all factual issues in the principal case and the third party action shall be tried to a jury of six members. Furthermore, the plaintiff's motion for separate trial is denied.