**William F. DALTON, individually and as a representative of a bondholder class,**

v.

**ALSTON & BIRD et al., Defendants.**

**Civ. No. 85–4302.**

United States District Court, S.D. Illinois, Benton Division.

May 24, 1990.

See also,673 F.Supp. 930.

Gary P. Bunch, Carrollton, Ga., G. Keith Phoenix, Kenneth W. Bean, Shepherd, Sandberg & Phoenix, Robert Ritter, Paul C. Hetterman, Gray & Ritter, St. Louis, Mo., John C. Stotsenburg, New York City, for plaintiff.

Mary Bonacorsi, Thompson and Mitchell, Barry Short, Daniel Claggett, Michael Vitale, Lewis and Rice, St. Louis, Mo., Richard Boyle, Lee Gundlach, Belleville, Ill., Paul D. Giamanco, Giamanco and Wexstten, Mt. Vernon, Ill., Rebecca Jackson, David Slavkin, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., Joseph R. Davidson, Bernard and Davidson, Granite City, Ill., Charles Dufour, Becker, Dufour & Yarbrough, Mark G. Arnold, St. Louis, Mo., James Spiotto, Rick Bailey, Chapman & Cutler, Chicago, Ill., William Cobb, H. Marshall Korschun, Atlanta, Ga., Harry B. Wilson, Jr., St. Louis, Mo., Richard O. Hart, Hart & Hart, Benton, Ill., Wendy A. Grossman, Chapman & Cutler, Chicago, Ill., Herbert Schlanger, Atlanta, Ga., James C. Cook, Belleville, Ill., Peter J. Anderson, Kirk McAlpin, Atlanta, Ga., for defendants.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

The Court has carefully considered the motion for approval of the settlements between the plaintiff class and the settling defendants, namely the Gallop, Johnson defendants, Hospital Management Associates, Inc. and H.M.A., Inc. (collectively referred to as HMA), and Peter Orr. By separate order, the Court has ruled on the fairness of those settlements. This order addresses those portions of the settlement agreements that seek to bar cross-claims by the non-settling defendants and others against the settling defendants. The Court, being fully advised of the relevant facts and the law, finds that a complete pretrial bar of any and all cross-claims would further the policies of the federal courts of encouraging settlements and avoiding a multiplicity of suits.

## FINDINGS OF FACT

By separate orders, the Court has expressed its opinion on the fairness and good faith of the settlements between the plaintiff class and the settling defendants. The Court finds that the discovery in this case has been completed and the time limit for all substantive motions has expired. Having taken judicial notice of the entire record, in particular the pleadings and affidavits filed regarding plaintiffs' motion for class certification and the numerous motions for summary judgment filed by the defendants, the Court finds that the settling defendants have paid an amount reasonably proportionate to their liability in this case.

## CONCLUSIONS OF LAW

■ Assuming that a right of contribution exists for these claims, an order barring any actions for indemnity or contribution must also provide for the reduction of the non-settling defendants' liability. There are three methods of dealing with this problem: 1) not issue a bar order; 2) issue the order and deduct the entire amount of the settlement from any jury verdict and apportion the remainder among the non-settling defendants; or 3) issue the order and declare that the amount paid by the settling defendant represents that defendant's proportionate share of whatever judgment is ultimately entered in the case. *Franklin v. Kaypro Corp*, 884 F.2d 1222, 1229–1232 (9th Cir.1989).

The first alternative should be rejected. This would make settlements less likely, and has been disapproved by other courts. *Franklin*, 884 F.2d at 1229.

The second alternative, allowing the settlement amount to operate as a set-off against the liability of the other defendants, was adopted by the Second Circuit in *Singer v. Olympia Brewing Co.*, 878 F.2d 596 (2d Cir.1989). The court first stated that, in securities litigation based on federal law, a uniform rule of settlement credit is appropriate. *Id.* at 599. The rule adopted in that case is referred to as the "one satisfaction rule" or a pro-tanto method. "Under this rule, when a plaintiff receives a settlement from one defendant, a nonsettling defendant is entitled to a credit of the settlement amount against any judgment obtained by the plaintiff against a nonsettling defendant as long as both the settlement and the judgment represent common damages." *Id.* at 600.

The third approach, adopted in *Franklin*, is the approach urged by the non-settling defendants. The *Franklin* court rejected the *Singer* approach for two reasons. First, the one satisfaction rule may result in additional liability for the non-settling defendants. For example, two defendants would each be liable for $100,000 to the plaintiff, who has suffered $200,000 in common damages. If one defendant settles for $80,000, the other defendant would be liable for $120,000 to the plaintiff, or $20,000 more than if the settlement did not occur. See *Franklin*, 884 F.2d at 1230 n. 15 (expressing this concept through the formula $(S - x) + (N + x) = T$, where T equals total liability, S equals the settling defendant's share of the liability, N equals the non-settling defendant's share of the liability, and x equals the excess). The *Franklin* court rejected the idea that a hearing on the good faith of the settlement would remove this problem, since, in order for a court to accurately determine whether a settlement would cause the non-settling defendant to pay more than its fair share would involve a mini-trial on the parties' relative culpability. *Franklin*, 884 F.2d at 1230.

The second reason that the *Franklin* court rejected the one-satisfaction rule is that it would interfere with the dynamics of settlement. *Id.* Settlements are attractive because they reduce the costs of litigation. This cost (i.e. the cost of trial or completing discovery) must be discounted from every settlement to determine its fairness. Under the one-satisfaction rule, the non-settling defendants are required to pay the price of this discount. In the above example, assume that the cost of trial is $10,000. Thus, the plaintiffs, who expect to recover $200,000 after a trial, would gladly settle for $190,000 (the amount of recovery less cost of trial). If one defendant settles for $80,000, and the jury returns a verdict for $200,000, the plaintiff would receive $190,000 after the trial ($80,000 from the settlement, $120,000 from the non-settling defendant, less $10,000 to go to trial). The non-settling defendant, in effect, pays the entire cost of the trial rather than the $5,000 it would pay if both defendants went to trial.

The approach adopted by the *Franklin* court eliminates the problem of overpayment by one of the defendants. Under this approach (referred to as a pro-rata approach), "[a]t trial, the jury is asked not only to determine the total dollar damage amount, but also the percentage of culpability of each of the nonsettling defendants as that of the settling defendants. Nonset-

tling defendants as a whole will then be required to pay the percentage of the total amount for which they are responsible. The nonsettling defendants will be jointly and severally liable for that percentage, and will continue to have rights of contribution against one another." *Franklin*, 884 F.2d at 1231. In the above example, the jury would be asked to find total damages, and return a verdict for $200,000. The jury will then be asked to apportion fault and, in this case, will find each defendant liable for $100,000. The plaintiff will then recover an additional $100,000, for a total of $180,000.

The Court believes that the *Singer* approach is the better approach to this problem. First, the *Singer* approach is much easier in application. The jury need not determine the relative fault of all defendants, including those defendants who are no longer participating in the trial. Under the *Franklin* approach an exact apportionment of liability needs to occur at some point, i.e. at the trial. Second, the *Singer* approach is equitable. The fairness hearing ascertains whether the settlement is fair in light of the potential liability of the defendant and in light of the chances of recovery. Thus, the fairness hearing prevents other defendants from paying far in excess of their share of liability. Even under the one-satisfaction rule, fairness hearings need not become more complicated than they already are. Under the one-satisfaction, no such apportionment ever needs to be made. Third, the *Singer* approach provides finality to the settlement. The settling defendants are no longer a part of the litigation, and thus large portions of the trial may be omitted. Under the *Franklin* approach, the settling defendants' liability needs to be determined, and thus their activities remain part of the trial. Fourth, the *Singer* approach encourages settlements, while the *Franklin* approach discourages settlements. Under *Singer*, the uncertainties of trial are increased, and thus parties are more likely to settle. Under *Franklin*, a party is guaranteed that it will never pay more than its share of the damages, thus decreasing the risks of trial.

■ Most importantly, the entire focus of the *Franklin* court is on fairness to the defendants. A court's role in approving a class action settlement is to insure that the settlement is fair to the absent class members. *Grunin v. International House of Pancakes*, 513 F.2d 114, 123 (8th Cir.1975), *cert. denied* 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93; MCL 2d § 30.41 at 236. This does not give a court carte blanche to disregard the rights of non-settling defendants. However, in determining the effect of a bar order, the court must weigh the interests of both the non-settling defendants and the plaintiffs. The defendants are not absent; they have a full and fair opportunity to be represented by individual counsel. The defendants have the opportunity to protect themselves if it appears that the settlement will result in higher liability (either by objecting to the settlement or by entering into a settlement themselves). Furthermore, plaintiffs are prejudiced under the *Franklin* approach. This approach allows the non-settling defendants to adopt a trial strategy of blaming the settling defendants for the plaintiff's injury in the hope that their share of the total liability will thus be smaller. The plaintiff would, of course, be allowed to present evidence to refute this strategy, but that evidence will probably not be as effective since a plaintiff will not be intimately familiar with the settling defendant's activities.

Another reason for adopting the *Singer* approach is that it is in line with state law. See Ill.Rev.Stat. ch. 70 ¶ 302; Restatement (Second) of Torts § 885(3) (1979). Since most federal securities claims will also have pendent state law claims, an approach which compatible with state law would be much easier to administer.

Therefore, the Court concludes that the pro-tanto or "one satisfaction" method of reducing a non-settling defendant's liability is preferable to the pro-rata method used in *Franklin*.

The Court also concludes that any bar order entered in this case must also bar any claims for contribution or indemnification by the settling defendants against the non-settling defendants.

## ORDER

Wherefore, it is ORDERED that:

1) All claims by the non-settling defendants against H.M.A., Inc., Hospital Management Associates, Inc., Gallop, Johnson, and Peter Orr, for contribution and indemnification under the federal securities laws, the state securities laws, RICO and any and all common law claims and all other claims arising out of the offer, purchase, sale or retention of the Jefferson County Health Facilities Authority First Mortgage Bonds are hereby extinguished, discharged and barred;

2) The non-settling defendants are entitled to a reduction in the amount of damages awarded against them in an amount no more than the total of the partial settlement amount paid by Gallop, Johnson, H.M.A., Inc., Hospital Management Associates, Inc., and Peter Orr;

3) The settlement bar shall also bar cross-claims for contribution and indemnification under the federal securities laws, state securities laws, RICO, and any and all common law claims by Gallop, Johnson, H.M.A., Inc., Hospital Management Associates, Inc., and Peter Orr against the non-settling defendants and all other persons, corporations and entities;

IT IS SO ORDERED.