## In re KENDALL SQUARE RESEARCH CORPORATION SECURITIES LITIGATION.

### Civ. A. No. 93–12352–EFH.

United States District Court, D. Massachusetts.

Nov. 18, 1994.

Thomas G. Shapiro, Shapiro, Grace & Haber, Boston, MA, for Philip Dee, David Zatt, Marshall H. Greenfield, Bruce A. Cohen, Barry Zelin.

in vain. *United States v. Russell*, 241 F.2d at 881.

Glen DeValerio, Norman Berman, Berman, DeValerio & Pease, Boston, MA, for Alan H. Kaufman, William Ludwig, Alvin Slater, Shirley Slater, Linda Marcoccia.

Glen DeValerio, Norman Berman, Berman, DeValerio & Pease, Boston, MA, Stanley M. Grossman, Pomerantz, Levy, Hauder, Block & Grossman, New York City, for L. Ronald Daley, Joyce D. Daley.

I. Stephen Rabin, New York City, Nelson P. Lovins, Lovins & Metcalf, Woburn, MA, for Lawrence L. Lashway.

Arthur Abbey, Abbey & Ellis, New York City, for Richard Fuss.

Andrew A. Rainer, Shapiro, Grace & Haber, Boston, MA, for Robert B. Rosenberg.

Christian M. Hoffman, Foley, Hoag & Eliot, Boston, MA, for Price Waterhouse.

Jeffrey B. Rudman, Hale & Dorr, Boston, MA, for Karl Wasserman, Karl G. Wassman, III.

### MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This matter is before the Court on a motion by Kendall Square Research Corporation ("Kendall Square"), the Individual Defendants, the Selling Stockholder Defendants, and the Underwriters, referred to collectively as "the Settling Defendants," for Settlement Bar Order.[1]

This securities action was brought on behalf of a class of purchasers of Kendall Square common stock during the period March 27, 1992 through December 3, 1993, inclusive. The Consolidated Amended Complaint ("CAC"), filed May 13, 1994, alleges, *inter alia*, that Plaintiffs suffered losses as a result of materially misleading statements of revenues from the sale of Kendall Square's high performance parallel computer systems. The CAC asserts counts against Price Waterhouse, a partnership licensed to practice accounting in the Commonwealth of Massachusetts, for securities fraud under Section 10(b) of the Securities Exchange Act of 1934, Section 11 of the Securities Act of 1933, and for common law fraud.

On July 28, 1994, this Court approved a Stipulation of Settlement between the Plaintiffs and the Settling Defendants, and entered an Order of Final Judgment of Dismissal as to the Settling Defendants pursuant to Fed.R.Civ.P. 54(b). The Court certified the proposed class solely for purposes of settlement. On November 9, 1994, the Court denied Price Waterhouse's motion to dismiss the CAC, and on November 14, 1994, entertained oral argument on the instant motion.

In federal securities fraud cases, courts routinely enter bar orders against contribution and indemnification in order to facilitate partial settlements. *See e.g., MFS Mun. Income Trust v. American Medical Int'l.*, 751 F.Supp. 279 (D.Mass.1990). In the instant case, none of the parties contest the validity or propriety of granting Settling Defendants' motion for a bar order. At issue, however, is the form the bar order should take.

Federal courts have been divided over whether a nonsettling defendant, whose contribution rights have been barred, and against whom a judgment has been rendered, is entitled to a *pro tanto* reduction in damages, or, alternatively, a reduction based on the settling defendants' proportionate fault.

In its most common formulation, the *pro tanto* approach provides for a fairness hearing as a prerequisite to settlement. Provided the settlement is deemed fair, the nonsettling defendant is given a set-off in the amount of the settlement.

Under the proportionate fault approach, the nonsettling defendant is allowed a set-off in the amount of the settling defendants' share of fault. The proportionate fault of the defendants is determined by the jury in the action against the nonsettling defendant.

Last term, the Supreme Court in *McDermott Inc. v. AmClyde*, —— U.S. ——, 114 S.Ct. 1461, 128 L.Ed.2d 148 (1994), addressed the issue of whether, in an admiralty case, the liability of nonsettling defendants should be calculated according to the proportionate fault or according to the *pro tanto* method. After considering the alternatives identified by the American Law Institute, the Supreme

---

1. Plaintiffs have joined Settling Defendants' motion for Settlement Bar Order.

Court found the proportionate share approach superior to the *pro tanto* method. *Id.* at ——, 114 S.Ct. at 1470. In arriving at its decision, the Court identified three considerations as paramount: ·"consistency with the proportionate fault approach of *Reliable Transfer* [2] ... promotion of settlement, and judicial economy." *Id.* at —— – ——, .114 S.Ct. at 1466–67. While the Supreme Court admitted that the arguments with respect to promotion of settlement and judicial economy were closely matched, the Court concluded that proportionate share was the preferred approach, especially in light of its decision in *Reliable Transfer. Id.* at ——, 114 S.Ct. at 1468.[3] In particular, the Supreme Court reasoned that under a *pro tanto* approach a litigating defendant's liability will frequently differ from his proportionate fault, often leading to an inequitable apportionment of damages, a result impermissibly inconsistent with *Reliable Transfer. See McDermott,* —— U.S. at ——, 114 S.Ct. at 1467.

While promotion of settlement, judicial economy and consistency with *Reliable Transfer* were the prime factors considered by the Court in deciding the case, the Supreme Court in *McDermott* also discussed the interplay between joint and several liability and the proportionate fault approach announced in its decision. As the following language from the Supreme Court's opinion demonstrates, the proportionate share approach is entirely consistent with the principles of joint and several liability:

> Joint and several liability ... can result in one defendant's paying more than its apportioned share of liability when the plaintiff's· recovery from other defendants is ·limited by factors beyond the plaintiff's control, such as a defendant's insolvency ... The proportionate share rule announced in this opinion applies when there has been a settlement. In such cases, the plaintiffs recovery against the settling defendant has been limited not by outside forces, but by its own agreement to settle. There is no reason to allocate any shortfall to the other defendants, who were not part of the settlement.

*McDermott,* —— U.S. at —— – ——, 114 S.Ct. at 1471–72. . ·

Even though *McDermott* was an admiralty action, the Supreme Court's reasoning is equally applicable to a securities case. The *McDermott* opinion cites *Franklin v. Kaypro Corp.,* 884 F.2d 1222 (9th Cir.1989), in support of its conclusion that fairness hearings, an essential component of the *pro tanto* approach, "cannot fully remove the potential for inequitable allocation of liability." —— U.S. at ——, 114 S.Ct. at 1468. *Franklin,* a securities action involving partial settlement, clearly mandates the proportionate fault approach ·in contribution bar orders for securities actions in the Ninth Circuit. 884 F.2d at 1231. The proportionate fault approach, which requires apportionment of fault among jointly and severally liable tortfeasors, reflects the equitable allocation of fault underlying the contribution action. With the contribution action barred in order to encourage settlement, the comparative fault approach best maintains the goals of the contribution action: limiting liability ·to comparative culpability. *See Franklin,* 884 F.2d at 1230–31.

Since *McDermott,* only one federal circuit court has considered the issue of bar orders in securities cases. In *TBG, Inc. v. Bendis,* 36 F.3d 916 (10th Cir.1994), a securities case involving a partial settlement, the Tenth Circuit reversed a district court's ruling barring the nonsettling defendants' contribution claims and ordering a *pro tanto* judgment reduction. *Id.* at 922–23. While the majority did not find *McDermott* controlling because it was an admiralty case, and was factually distinguishable,[4] the majority noted

---

2. *United States v. Reliable Transfer Co.,* 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975).

3. In *Reliable Transfer,* the Supreme Court replaced the divided damages rule of admiralty, which required an equal division of property when both parties to a collision were at fault, with a rule that required that damages be assessed on the basis of proportionate fault. *Reliable Transfer,* 421 U.S. at 407, 95 S.Ct. at 1714.

"Thus the interest in certainty and simplicity served by the old rule was outweighed by the interest in fairness promoted by the proportionate fault rule." *McDermott,* —— U.S. at ——, 114 S.Ct. at 1465.

4. The majority opinion notes that, unlike *McDermott* where the Court was free to "weigh and choose" from the different approaches because the settlement in that case did not require any

that *"McDermott* explains why courts should choose a proportional fault credit when they are free to do so." *Id.* In his concurring opinion, Associate Justice (Ret.) White, sitting by designation, found *McDermott* sufficiently analogous to require reversal of the lower court. After analyzing the *McDermott* decision, White concluded:

> Accepting that the § 10(b) contribution right attempts to ensure that liability in securities cases is distributed according to relative fault much as *Reliable Transfer* attempts to ensure that result in admiralty, it necessarily follows that it would be improper for a court to employ a *pro tanto* credit with a bar order in a § 10(b) action just as the combination is impermissible in admiralty cases.

> *Id.* at 931.

Prior to the *McDermott* decision, *pro tanto* was the preferred approach in this District for determining the amount of set-off for a nonsettling defendant in a securities action whose contribution rights had been barred. *See MFS Mun. Income Trust v. American Medical Int'l,* 751 F.Supp. 279, 282 (D.Mass. 1990).[5] In the instant case, however, where this Court is free to choose the form the bar order will take, the Supreme Court's decision to adopt the proportionate fault approach in the admiralty context provides ample support for applying the proportionate fault approach in the context of securities actions.

In our jurisprudence, damages are awarded on the basis of fault and the principle of fairness, the source and end of our system of justice, requires that the amount of damages attributable to any one defendant ought to be based on the degree of fault attributable to that defendant. Contribution is a doctrine rooted in Equity and equity is fully realized only by proportionate liability.[6] For these reasons, the Court grants the motion for a Settlement Bar Order, and provides that in the event of a recovery against Price Waterhouse, Price Waterhouse will be allowed a damages set-off calculated in accordance with the proportionate fault approach adopted by the Supreme Court in *McDermott, Inc. v. AmClyde,* —— U.S. ——, 114 S.Ct. 1461, 128 L.Ed.2d 148 (1994).

SO ORDERED.

---

type of bar order or credit, the court in *TBG* could only approve or disapprove a settlement with a *pro tanto* credit. *Id.* at 922–23.

**5.** Plaintiffs cite a number of cases from other jurisdictions which have applied the *pro tanto* approach in a variety of contexts. *See, e.g., In re Masters Mates & Pilots Pension Plan,* 957 F.2d 1020 (2d Cir.1992); *Dalton v. Alston & Bird,* 741 F.Supp. 157 (S.D.Ill.1990). All of the cases

Plaintiffs cite in support of their position, however, pre-date the *McDermott* decision, and thus are of questionable authority.

**6.** A defendant has a federal right to contribution in Rule 10b–5 actions. *Musick, Peeler & Garrett v. Employers Ins.,* —— U.S. ——, —— –——, 113 S.Ct. 2085, 2090–91, 124 L.Ed.2d 194 (1993).