TBG, INC., Plaintiff,

v.

Richard A. BENDIS, et al., Defendants.

Civ. A. No. 89–2423–EEO.

United States District Court,
D. Kansas.

March 1, 1995.

J.D. Lysaught, Mustain, Higgins, Kolich, Lysaught & Tomasic, Chtd., Kansas City, KS, Herbert E. Milstein, Lisa M. Mezzetti, Daniel S. Sommers, Cohen, Milstein, Hausfeld & Toll, Washington, DC, for TBG, Inc., George A. Bridgmon.

Bruce Keplinger, John Benge, Michael G. Norris, Michael B. Lowe, Payne & Jones, Chtd., Overland Park, KS, for Richard A. Bendis.

Karen J. Halbrook, John R. Cleary, Husch & Eppenberger, Kansas City, MO, for W. Terrance Schreier.

Anthony F. Rupp, Shughart, Thomson & Kilroy, Overland Park, KS, John M. Kilroy, R. Lawrence Ward, Shughart, Thomson & Kilroy, P.C., Kansas City, MO, Emmett E. Eagan, Jr., Ernst & Young, Cleveland, OH, for Ernst & Whinney.

J.D. Lysaught, Mustain, Higgins, Kolich, Lysaught & Tomasic, Chtd., Kansas City, KS, Herbert E. Milstein, Lisa M. Mezzetti, Daniel S. Sommers, Cohen, Milstein, Hausfeld & Toll, Washington, DC, Martin E. Karlinsky, Scheffler, Karlinsky & Stein, New York City, for Richard S. Masinton, Continental Healthcare Systems, Inc.

Michael G. Norris, Payne & Jones, Chtd., Overland Park, KS, for Richard A. Bendis.

J.D. Lysaught, Mustain, Higgins, Kolich, Lysaught & Tomasic, Chtd., Kansas City, KS, M. Michael Gill, Tamara Wilson Setser, Julia A. Riggle, Hillix, Brewer, Hoffhaus, Whittaker & Wright, Kansas City, MO, Herbert E. Milstein, Lisa M. Mezzetti, Daniel S. Sommers, Cohen, Milstein, Hausfeld & Toll, Washington, DC, for Paul R. Billington.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

Pending before the court are plaintiff's motion to hold separate trials (Doc. # 896),[1] defendants' motions to set aside the dismissal (Docs. # 1005, 1006, 1007), defendant Schreier's motion regarding the judgment reduction method (Doc. # 1010), the motion of defendant Bendis to amend the pretrial order (Doc. # 1013), and the motion of defendant Ernst for leave to file cross-claims (Doc. # 1028). The court has reviewed the parties' briefs and considered the arguments presented at the hearing on February 28, 1995, and is now prepared to rule.

*Bifurcation of Trial*

Plaintiff seeks separate trials of the counterclaims, cross-claims, and third-party claims on the ground that trial of all claims in one action would confuse the jury and prejudice plaintiff's case. "Separate trials of claims properly joined is not the usual course." *Comeau v. Rupp*, 810 F.Supp. 1127, 1167 (D.Kan.1992). However, Federal Rule of Civil Procedure 42(b) grants the trial court discretion to separate issues or parties for trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy."

Courts interpreting Rule 42(b) have looked to several factors in determining whether to hold separate trials: 1) whether holding separate trials is unfair because valid claims for contribution might be decided inconsistently with the initial action where two different juries are used, *State Mut. Life Assur. Co. v. Arthur Andersen & Co.*, 63 F.R.D. 389, 393–94 (S.D.N.Y.1974); 2) whether separate trials would truly expedite the litigation, *Comeau v. Rupp*, 810 F.Supp. at 1167–68 (determin-

---

1. Having previously denied this motion as premature in our Memorandum and Order of July 30, 1993 (Doc. # 928), the court now considers the motion *sua sponte*.

ing that it would not and denying motion to bifurcate); *United States v. Int'l. Business Mach. Corp.*, 60 F.R.D. 654, 656–58 (S.D.N.Y. 1973) (denying severance because it would not eliminate any issues for later trial); 3) whether claims at issue arise out of the same set of facts as main claims, *Levine v. FDIC*, 136 F.R.D. 544, 550 (D.Conn.1991) (denying severance of counterclaims involving the same factual situation, but granting severance of those involving entirely different facts); *In re MDC Holdings Sec. Litig.*, 754 F.Supp. 785 (S.D.Cal.1990) (denying motion of defendants to sever claims of secondary liability against them until determination of primary liability because same facts and issues were involved); *C & G Constr. Co. v. Morrison Assurance Co.*, 96 F.R.D. 670, 672 (S.D.Ga.1983) (refusing to separate the main claim on a construction bond for damages resulting from inadequate work on a construction project from third-party claims for indemnification against a surety).

■ The instant case is complicated not only by the number of parties involved, but also by the complexity of the facts and issues presented. Although there is no panacea in trying such a complicated case, we are convinced that the best approach is a bifurcated trial to the same jury. The main claims and all cross- and third-party claims for contribution will be tried in phase one. TBG's claims against Bendis and Schreier on the stock purchase agreements and all director/officer indemnification claims will be tried in phase two. Phase one evidence will be admitted, to the extent relevant, in phase two and defendants will be given considerable latitude in cross examination of phase one witnesses.

Separate trials to the same jury will alleviate the defendants' concerns about duplication of evidence and inconsistent verdicts. Evidence presented in phase one will be somewhat reduced by trying the case in two phases because the evidence specific to the statutory indemnification and stock purchase agreement claims will be of limited relevance in phase one. A two-phase trial is more judicially efficient because recovery on the phase two indemnification claims depends in part on TBG's recovery, if any, in the first phase.

The court has carefully considered TBG's concern that trial of the contribution claims with the main claims will cloud the issues for the jury. We believe that bifurcation in this manner will minimize jury confusion by enabling the jury to allocate fault on a given claim among the potentially responsible parties all in the same phase. The verdict form will necessarily reflect the nature of the claims against the various defendants. The jury will be asked what percentage of the damages on a given claim is attributable to each primary defendant and, in turn, what percentage of the fault of each primary defendant is attributable to a particular contribution claim defendant. The prejudice to TBG in trying the contribution claims with the main claims is minimal because virtually the same evidence on the contribution claims would be presented in phase one in any event. In sum, after thoughtful reflection on the relative positions and claims of all of the parties in the instant case, the court believes that this trial format will strike the best balance among the competing considerations.

*Motions relating to the dismissal of defendant Shook, Hardy and Bacon.*

On January 10, 1995, plaintiff and defendant Shook, Hardy and Bacon ("Shook"), and defendant Masinton filed a stipulation of dismissal. The court approved the dismissal. Defendants Bendis, Schreier, and Ernst now seek to set aside the dismissal under Federal Rule of Civil Procedure 60 on the ground that they should have been given notice and an opportunity to object to the dismissal. They object to the dismissal because they request that the court retain jurisdiction over Shook as a party and grant them leave to assert contribution cross-claims against Shook. The court has reviewed the parties' briefs on this issue and has determined that the dismissal was valid under Federal Rule of Civil Procedure 42(a)(2). Accordingly, the defendants' motions to set aside the dismissal will be denied.

Alternatively to setting aside the dismissal, Bendis, Schreier, and Ernst urge the court to implement the proportionate judgment reduction method to account for the relative fault of Shook in assessing their liability to TBG. In *McDermott, Inc. v. AmClyde*, —

U.S. ——, 114 S.Ct. 1461, 128 L.Ed.2d 148 (1994), the Supreme Court expressed a strong preference for the proportionate judgment reduction method in admiralty cases. Courts have analogized the goals and purposes of securities laws in selecting the proportionate method as preferred in securities law cases as well. *See, e.g., In re Del–Val Financial Corp. Secs. Litig.*, 868 F.Supp. 547 (S.D.N.Y.1994); *In re Kendall Square Research Corp. Secs. Litig.*, 869 F.Supp. 53 (D.Mass.1994).

■ We agree that the proportionate judgment reduction method is appropriate in the instant case.[2] However, although the court agrees with Justice White's concurrence, based on the language in the majority opinion in *TBG v. Bendis*, 36 F.3d 916 (10th Cir.1994), we believe that pending contribution claims are a jurisdictional prerequisite to implementation of a judgment reduction method.

In order to meet this jurisdictional prerequisite, defendants Bendis, Schreier, and Ernst request leave to file claims for contribution against Shook. TBG argues that because the deadline for filing such claims expired in 1990, the defendants should not be permitted to file contribution claims nearly five years after the deadline. Although the court does not condone defendants' actions in seeking to file contribution claims past the deadline, we do note that the status of contribution claims in federal securities fraud cases was not clear until the Supreme Court held, in *Musick, Peeler & Garrett v. Employers Insurance of Wausau*, —— U.S. ——, 113 S.Ct. 2085, 124 L.Ed.2d 194 (1993), that there is an implied right of contribution under Rule 10b–5. In addition, the importance of such claims on the implementation of the proportionate judgment reduction method was not evident until the Tenth Circuit majority opinion in *TBG v. Bendis*, 36 F.3d at 927–28. Moreover, we do not believe that unfair prejudice to Shook has been shown.

Leave to file third-party claims for contribution against Shook will be granted. All such claims shall be filed within five (5) days from the date of this order. Responsive pleadings are due ten (10) days thereafter. Shortened deadlines will apply to any briefing required, and any further discovery required on the claims shall be completed within thirty (30) days from the date the claims are filed.

IT IS THEREFORE ORDERED that plaintiff's motion for separate trials (Doc. # 896) is granted in part. Trial will be conducted in two phases to the same jury as set forth herein.

IT IS FURTHER ORDERED that defendants' motions to set aside the dismissal (Docs. # 1005, 1006, 1007) are denied.

IT IS FURTHER ORDERED that defendant Schreier's motion regarding the judgment reduction method (Doc. # 1010) is granted.

IT IS FURTHER ORDERED that the motion of defendant Bendis to amend the pretrial order (Doc. # 1013) is denied as moot.

IT IS FURTHER ORDERED that the motion of defendant Ernst for leave to file cross-claim (Doc. # 1028) is denied.

IT IS FURTHER ORDERED that the motions for disclosure of the settlement agreement (Docs. # 1008 and 1015) are moot.

IT IS FURTHER ORDERED that defendants Bendis, Schreier, and Ernst are given leave to file third-party claims for contribution against Shook as set forth herein.

---

**2.** We decline to adopt the capped proportionate method used by the court in *Del–Val*, 868 F.Supp. 547, as urged by Bendis. We also note that until the claims against Shook are filed, an open question remains as to which claims the proportionate judgment reduction method will apply. *See TBG v. Bendis*, 841 F.Supp. 1538, 1570–72 (D.Kan.1993) (discussing the propriety of loss allocation claims under the various types of main claims).