Richard M. LUCAS and Maryann Lucas, Plaintiffs,

v.

HACKETT ASSOCIATES, INC., Defendant,

and

Isadore GROSSMAN; Harco Enterprises, Inc., t/a Harco Financial Group; Wayne A. Hawk; Hale Associates, Inc.; Wm. Page & Associates, Inc., t/a Page & Associates, Inc.; Mark Fried; Human Resource Options, Inc.; Hiv Trust; Defendants and Third–Party, Plaintiffs,

v.

James L. LALIME; John L. Kadow; David Miller; Jay Lucas, Esquire; Kenneth Lucas; Alex J. Murland, Esquire; and Craig Raymond, Third–Party Defendants.

Civil Action No. 97–1139.

United States District Court, E.D. Pennsylvania.

Aug. 31, 1998.

David R. Dearden, Kalogredis Law Associates, Ltd., Wayne, PA, for Richard M. Lucas and Maryann Lucas.

Leigh P. Narducci, Narducci, Moore & Fleisher, Blue Bell, PA, for Isadore Grossman, Harco Enterprises, Inc., Wayne A. Hawk, Hale Associates, Inc. and HIV Trust.

Justin M. Senior, Panza, Maurer, Maynard and Neel, Ft. Lauderdale, FL, John R. Beinhaur, Beinhaur & Curcillo, Harrisburg, PA, Bartley C. Miller, Herzfeld & Rubin, Miami, FL, for Wm. Page & Associates, Inc.

Matthew J. Eisenberg, Glenn A. Weiner, Klehr, Harrison, Harvey, Branzburg & Ellers, Philadelphia, PA, James H. Gorbey, Jr., Media, PA, for Mark Fried and Human Resources Options, Inc.

Kenneth M. Kolaski, Reed Smith Shaw & McClay, Philadelphia, PA, for Hackett Associates, Inc. and Burtis M. Hackett, Jr.

James L. Lalime, Williamsville, NY, pro se.

Hugh J. Bracken, Media, PA, for Jay Lucas and Kenneth Lucas.

Jeffrey B. McCarron, Swartz, Campbell & Detweiler, Philadelphia, PA, for Alex J. Murland.

### ORDER AND MEMORANDUM

DuBOIS, District Judge.

### ORDER

AND NOW, to wit, this 31st day of August, 1998, upon consideration of the Motion of Settling Defendants and Plaintiffs for a Settlement Bar (Doc. No. 107, filed April 13, 1998), Answer of Third Party Defendant, Alex Murland, Esquire to Motion of Settling Defendants and Plaintiffs for a Settlement Bar (Doc. No. 108, filed April 27, 1998), Reply Memorandum of Settling Defendants in Further Support of the Joint Motion of Plaintiffs and Settling Defendants for a Settlement Bar (Doc. No. 109, filed May 7, 1998), Oral Argument held June 4, 1998, and Letter of Richard A. Levan, dated July 2, 1998, for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that the Motion of Settling Defendants and Plaintiffs for a Settlement Bar is **DENIED WITHOUT PREJUDICE.**

### MEMORANDUM

**1. Background:** This case arises out of the sale of a viatical settlement—a life insurance policy sold by terminally ill patients for less than its full value in order to receive a cash payment before their death. Plaintiffs assert in the Complaint that viatical settlements are securities within the meaning of federal and state securities laws; accordingly, plaintiffs included in their Complaint claims for violations of both state and federal securities laws as well as state tort and contract claims premised on fraudulent misrepresentations and misappropriation of investment funds. Certain of the defendants impleaded Alex Murland who served as an attorney for plaintiffs; plaintiffs thereafter filed an Amended Complaint against Murland alleging the breach of an escrow agreement, breach of a specific term of a legal representation agreement and legal malpractice. These same claims were made the subject of a suit by plaintiffs against Murland in the Court of Common Pleas, Montgomery County Pennsylvania captioned *Lucas, et. ux v. Murland, et. al.,* No. 98–02580

Defendants Mark Fried, Human Resource Options, Inc., Burtis M. Hackett, Jr., Hackett Associates, Inc., Wayne Hawk, Isidore Grossman, HIV Trust, Hale Associates, Inc., Harco Enterprises, Inc. t/a Harco Financial Group and Wm. Page & Assocates, Inc. t/a Page & Associates, Inc. (the "settling defendants") reached a settlement agreement with plaintiffs. As a condition precedent to the agreement, the settling defendants seek an order from this Court which includes, *inter alia,* the following provisions:

3. Each of the non-settling parties, and any other person or entity who may assert a claim against the settling defendants based upon, relating to, or arising out of the settled claims, this action, a lawsuit pending in the Court of Common Pleas for Montgomery County, Pennsylvania, styled *Lucas, et. ux v. Murland, et. al.,* No. 98–02580 (the "state action"), or the settlement of this action and the state action, are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any such claim or claims for contribution or indemnity or otherwise, against the settling defendants, as claims, cross-claims, counterclaims, or third-party claims in the action, the state action, or in any other court, arbitration, administrative agency or forum, or in any other manner. All such aforementioned claims are hereby extinguished, discharged, satisfied and unenforceable.

4. Any non-settling defendant or other person or entity whose claim against a settling defendant is extinguished by the provisions of this order, if adjudicated a joint tortfeasor with such settling defendants, shall be entitled to a credit in the amount of the greater of the amount paid by the settling defendant to plaintiffs in settlement of the settled claims or an amount that corresponds to the settling defendant's proportionate liability for damages awarded against the non-settling de-

fendant or other person or entity in favor of plaintiffs.

Settling Litigants' Proposed Settlement Order at & 3–4.

■ **Barring Contribution Claims:** Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub.L. No. 104–67,

> A covered person who settles any private action at any time before final verdict or judgment shall be discharged from all claims for contribution brought by other persons. Upon entry of the settlement by the court, the court shall enter a bar order constituting the final discharge of all obligations to the plaintiff of the settling covered person arising out of the action. The order shall bar all future claims for contribution arising out of the action—(i) by any person against the settling covered person; and (ii) by the settling covered person against any person, other than a person whose liability has been extinguished by the settlement of the settling covered person.

15 U.S.C. § 78u–4(g)(7)(A). Defendants—although they continue to insist a viatical settlement is not a security—assert that they are "covered persons" within the meaning of this statute. "Covered person" is defined as "a defendant in any private action arising under this chapter." *Id.* at § 78u–4(g)(10)(C)(i). The Court agrees that defendants are "covered persons" under the PSLRA and therefore concludes that § 78u–4(g)(7)(A) applies in this case.

■ Before proceeding further however, the Court notes that by taking the position that the PSLRA applies to this case and, that as a result, § 78u–4(g)(7)(A) bars future claims for contribution, the settling defendants will be estopped from contending in the future that viatical settlements are not securities. Judicial estoppel, sometimes described as the doctrine of preclusion of inconsistent positions, is a "judge-made doctrine that seeks to prevent a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding." *Ryan Operations G.P. v. Santiam–Midwest Lumber Co.,* 81 F.3d 355, 358 (3d Cir.1996) (citations and internal quotations omitted); *see also Scara-*

*no v. Central R. Co. of New Jersey,* 203 F.2d 510, 513 (3d Cir.1953). In the Third Circuit's latest pronouncement on judicial estoppel, the court stated that:

> Asserting inconsistent positions does not trigger the application of judicial estoppel unless intentional self-contradiction is used as a means of obtaining unfair advantage. Thus, the doctrine of judicial estoppel does not apply when the prior position was taken because of a good faith mistake rather than as part of a scheme to mislead the court. An inconsistent argument sufficient to invoke judicial estoppel must be attributable to intentional wrongdoing.

*In re Chambers Development Co., Inc.,* 148 F.3d 214, 1998 WL 258387, *14 (3d Cir.1998). Thus, "[t]he basic principle [of the doctrine of judicial estoppel] is that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc. § 4477 (1981 & Supp.1998).

By asserting that the provisions of the PSLRA apply for purposes of settlement, the settling defendants gain a significant advantage in this litigation. They may not, in the future, pursue a different, and wholly inconsistent, advantage by contending that viatical settlements are not securities without running afoul of the doctrine of judicial estoppel. That said, the Court turns to the application of § 78u–4(g)(7)(A).

■ By its express terms § 78u–4(g)(7)(A) bars contribution claims, but before the provisions of § 78u–4(g)(7)(A) can be applied to any contribution claim, it must be determined whether such claims "arise out of the action." Because federal securities laws are generally interpreted broadly, *see, e.g., Ettinger v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 835 F.2d 1031, 1033 (3d Cir.1987) ("The Supreme Court has interpreted the federal securities laws broadly."), the Court concludes that the "arise out of" language encompasses the state law claims brought against defendant Murland by plaintiffs. Those claims arise out of the transactions

underlying plaintiffs securities claims, not only because they are causally linked—that is, but for the securities transactions, there would be no claims against Murland—but also because they are integrally related to the securities transactions, that is, Murland was hired to provide legal advise on the nature, structure, and risks of the viatical settlement transaction. Because the claims against Murland arose out of "the action" in this case, § 78u–4(g)(7)(A) applies to any claim he may have for contribution.

■ The Court therefore agrees with defendants that under § 78u–4(g)(7)(A), it must bar claims for contribution that "arise out of the" federal actions under the securities laws, and a clause to that effect is appropriate in a settlement order; however, the PLSRA provides for equitable safeguards when entering such a bar:

> If a covered person enters into a settlement with the plaintiff prior to final verdict or judgment, the verdict or judgment shall be reduced by the greater of—(i) an amount that corresponds to the percentage of responsibility of that covered person; or (ii) the amount paid to the plaintiff by that covered person.

*Id.* at § 78u–4(g)(7)(B). The Proposed Settlement Order fails to adequately protect the non-settling defendants because it requires an "adjudication" of joint tortfeasor status on the part of the settling defendants before providing for any reduction in an award. The Court will not approve such a provision. It suggests that the settling defendants consider a release of the type employed in *Griffin v. Pfizer*, whereby the settling defendants are treated as joint tortfeasors for purposes of a contribution claim without the need for an adjudication of joint tortfeasor status. That type of agreement would avoid the need to litigate joint tortfeasor status although it would still be necessary to resolve the question of the settling defendants' percentage of responsibility or to reach agreement on that issue. That remaining issue, however, imposes a burden significantly lighter than that imposed by the need to litigate joint tortfeasor status.

3. **Barring Indemnity Claims:** The conclusion that the Court may issue an order bar-ring contribution claims by non-settling defendants, does not imply that it may, or must, include an equivalent provision with respect to indemnity claims.

> There is ... a fundamental difference between indemnity and contribution. The right of indemnity rests upon a difference between the primary and secondary liability of two persons each of whom is made responsible by the law to an injured party. It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another and for which he himself is only secondarily liable. The difference between primary and secondary liability is not based on a difference in degrees of negligence or on any doctrine of comparative negligence. . . .

*Builders Supply Co. v. McCabe,* 366 Pa. 322, 77 A.2d 368, 370–71 (Pa.1951). Accordingly, the Court concludes that there is a difference between a claim for indemnity and a claim for contribution.

The PSLRA omits any reference to the barring of indemnity claims, but there is a logical explanation for Congress' omission. "[T]here is no express right to indemnification under the 1933 or 1934 [Securities] Acts. Further, those courts that have addressed the issue have concluded that there is no implied right to indemnification under the federal securities laws [because] ... indemnification runs counter to the policies underlying the 1933 or 1934 Acts." *Eichenholtz v. Brennan,* 52 F.3d 478, 483 (3d Cir.1995). The question for the Court is whether this policy against indemnification extends to Murland's claims for indemnification under state law.

■ The Court holds that to the extent that Murland intends to seek indemnification premised on violations of federal securities laws—whether those violations are clothed as state law tort claims or federal law securities claims—Murland may not seek indemnity because such claims are preempted:

> To the extent ... that plaintiff's pendent state actions are claims for indemnification, they must fail as preempted by feder-

al law. Unlike contribution, Congress has not provided a right to indemnification in the federal securities laws under any circumstances.... The legislative histories of the 1933 and 1934 Acts are silent as to the existence of any such remedy.... Moreover, it would run counter to the basic policy of the federal securities laws to allow a securities wrongdoer ... to shift its entire responsibility for federal violations on the basis of a collateral state action for indemnification. *See Globus v. Law Research Service, Inc.,* 418 F.2d 1276, 1288 (2d Cir.1969).

*Baker, Watts & Co. v. Miles & Stockbridge,* 876 F.2d 1101, 1108 (4th Cir.1989) (some citations omitted); *see also In re Boardwalk Marketplace Securities Litigation,* 1991 WL 438311, *6 (D.Conn. Oct.1 1991) ("Because this Court is persuaded that [the] ... subrogation cross-claim is analogous to a claim for indemnity, not a claim for contribution, the Court finds that the cross-claim is not maintainable as a matter of law because it is preempted by federal securities law, which does not provide for indemnification."); *Alvarado Partners, L.P. v. Mehta,* 723 F.Supp. 540, 553 (D.Colo.1989) ("[A]ny state claim, however denominated, which seeks indemnity [for a violation of federal securities law], may be extinguished through dismissal."); *Cf. Eichenholtz,* 52 F.3d at 486–87 (citing *Baker, Watts* with approval).

While the Court has held that the claims brought by plaintiffs against Murland in the Court of Common Pleas "arise out of" the securities transactions underlying plaintiffs' federal suit for purposes of 15 U.S.C. § 78u–4(g)(7)(A), this holding does not answer the question whether those state claims are "de facto" securities law claims or whether they are independent causes of action for which Murland may seek indemnity. That is, if the state claims filed by plaintiffs against Murland in the Court of Common Pleas are seeking damages for what are essentially violations of the federal securities laws, Murland may not seek indemnification. *See Baker, Watts,* 876 F.2d at 1102, 1108 (holding that

"the federal securities laws preempt plaintiff's pendent state claims to the extent they allow a right of action for indemnification.") If, on the other hand, plaintiffs state law claims are sufficiently independent of the federal securities claims—although admittedly related to them as they "arise out of" the federal claims—this Court will not bar Murland's right to seek indemnity under state law. *See id.* at 1108 (holding that state claims which are "de facto" claims for indemnification are preempted but leaving "it to the state courts to classify plaintiff's pendant common law claims"); *In re Sunrise Securities Litigation,* 793 F.Supp. 1306, 1321 (E.D.Pa.1992) ("The damages that the non-settling defendants seek for their tort and contract claims are similar, although not identical, to the damages that they seek for their indemnification claims. Such an overlap does not necessarily transform the claims into claims for implied indemnity.... Because I conclude that the state law claims alleged by the non-settling defendants are not de facto indemnity claims, they are not preempted by federal law."). Accordingly, to the extent that Murland seeks indemnification for claims premised solely on state law—that is, claims which are not "de facto" federal securities claims—the Court concludes that such claims are not preempted.

■ The Court is not prepared to decide, at this juncture, to what extent Murland's potential claims for indemnity are or are not "de facto" federal securities claims and like the *Baker, Watts* court, leaves that decision to the state court.[1] Assuming that at least one claim for indemnity pursued by Murland will not be premised on federal securities law, the question remains whether the Court may enter an order barring such a claim.

While courts have entered orders barring indemnity claims unrelated to the securities laws, those cases are distinguishable from the instant matter. *See, e.g., Jiffy Lube Securities Litigation,* 927 F.2d 155 (4th Cir. 1991) (describing order as barring "claims of contribution or indemnity" in a class action

---

1. The settling litigants argue that there is no merit to Murland's indemnity claims under state law and thus it would be appropriate for this Court to enter an order barring such claims.

The Court, however, is not prepared to decide the merit of Murland's claims for indemnity under state law as that decision appropriately rests with the state court.

suit, but discussing only bar of contribution claims); *In re Kendall Square Research Corp. Securities Litigation,* 869 F.Supp. 53 (D.Mass.1994) (stating that "in federal securities cases, courts routinely enter bar orders against contribution and indemnification in order to facilitate partial settlements" but discussing propriety of such orders only with respect to method of off-set which applies solely to contribution claims); *but see Seidman v. American Mobile Systems,* 965 F.Supp. 612, 628 (E.D.Pa.1997) (entering order "barring all contribution and indemnity claims" in class action securities case without discussion). The case most relied upon by the settling litigants which approved an order barring indemnity claims is *In re U.S. Oil and Gas Litigation,* 967 F.2d 489 (11th Cir.1992).

In *Oil and Gas,* the Eleventh Circuit directly addressed the question of whether a district court could enter an order barring indemnity, fraud and negligence claims brought against the settling defendants. The court held that, under the facts of the case, there was "no principled distinction" between indemnity and contribution and noted that, because the indemnity claim was premised on federal securities laws and such claims are not cognizable. *Id.* at 495. The Eleventh Circuit likewise held that the fraud and negligence claims lacked merit as they were merely restatements of the indemnity claim.

This Court has already declined to determine whether Murland's potential indemnity claim are "de facto" federal claims; as such, it is not reaching the merits of the claims for indemnity, as did the Court in *In re Oil and Gas,* and that case is therefore inapposite. To the extent, however, that *In re Oil and Gas* may be read as standing for the proposition that there generally is "no principled distinction" between claims for contribution and claims for indemnity, the Court disagrees and rejects its holding.

The Court is not, therefore, prepared to bar Murland from proceeding with a claim for indemnity premised solely on state law. *See In re Sunrise Securities Litigation,* 793 F.Supp. at 1310 (permitting non-settling defendants to pursue indemnity claims premised on state law against settling defendant).

Any bar order issued by the Court with respect to indemnity claims will be limited to indemnity claims which are "de facto" federal securities claims.

The Court is mindful that significant effort has been expended in an effort to settle this litigation and that, "[i]n general, the settlement of complex litigation before trial is favored by the federal courts." *Eichenholtz,* 52 F.3d at 486. However, there are mechanisms by which the settlement agreement may still be consummated. For instance, plaintiffs could agree to indemnify settling defendants for any judgement obtained by a non-settling defendants, *see, e.g., In re Del-Val Financial Corp. Securities Litigation,* 868 F.Supp. 547, 558 (S.D.N.Y.1994), or agree to such indemnification for any judgment in excess of a specified amount. By entering this Order, the Court does not intend to preclude, or in any way discourage, resolution of this litigation by settlement.

**4. Conclusion:** For the reasons set forth above, the Court has denied the Motion Motion of Settling Defendants and Plaintiffs for a Settlement Bar. With respect to a bar for contribution, the Court will approve an order which, for purposes of any contribution claim, the settling defendants will be treated as joint tortfeasors. It will also approve an order barring any indemnity claim which, however clothed, is premised on federal securities laws; the Court will not, however, bar a claim for indemnity premised on state law grounds.